Burton Hoffman and Annetta Hoffman v. Commissioner.
Hoffman v. Commissioner
Docket No. 1177-62.
United States Tax Court
T.C. Memo 1963-237; 1963 Tax Ct. Memo LEXIS 108; 22 T.C.M. (CCH) 1203; T.C.M. (RIA) 63237; August 30, 1963
Burton Hoffman, pro se, 98-19 64th Ave., Forest Hills, N. Y. Carl G. Lutz, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in the amount of $190.08 in the 1958 income tax of petitioners, husband and wife, who had filed their joint return for that year at Reno, Nevada. The husband will at times be referred to as petitioner. The deficiency is the result of *109 a number of adjustments, only one of which is in controversy, namely, the Commissioner's disallowance of a medical expense deduction to the extent of $270.16 representing the cost of travel for petitioner's dependent mother-in-law from New York to England. The parties have filed a stipulation of facts. That stipulation and the evidence adduced at the hearing disclose the following pertinent facts: Until June 1958, and for a number of years prior thereto, petitioners resided in the general area of New York City. Petitioner's mother-in-law, Mrs. Smith-Halvorsen, lived with them from 1949 until April 4, 1958. She was blind and received full support from petitioners. Mrs. Smith-Halvorsen, a native of Italy, first went to England with her family around 1900 as a child at the age of three or four, and resided there with the exception of several years until 1949 when she came to the United States to make her home with petitioners. She was blind at that time and had previously received a "grant for the blind" in England. She does not appear to have become a citizen of England or of the United States or of any country other than Italy during her entire life. Petitioner's wife was suffering *110 with a chronic heart disorder and while a hospital patient in New York in December 1957 she was advised that residence in a warm, dry climate would be beneficial for her. At some time thereafter, but prior to April 4, 1958, Mrs. Smith-Halvorsen decided to return to England. In addition to her disability resulting from blindness, she had diabetes, which was discovered by a doctor only after a previous doctor had failed to make a proper diagnosis. She anticipated that upon returning to England she would not only receive a grant for the blind again but that she would obtain full medical treatment and care without cost for the remainder of her life under the English National Health Service. Accordingly, she departed for England by plane on April 4, 1958, intending to remain there permanently. The fare was $270.16 which petitioners paid, and the deductibility of which is here in dispute. In June 1958 petitioners moved to Nevada. When Mrs. Smith-Halvorsen returned to England in April 1958 she was not able to live alone, and she resided for an undisclosed period with a daughter-in-law, the widow of a deceased son. She died in England during February 1963. Petitioners continued to furnish *111 support for Mrs. Smith-Halvorsen after her return to England in April 1958 until she became eligible later that year for a "grant to the blind" which covered at least her board and lodging plus a small additional amount. Petitioners thereafter from time to time sent money to her in England, but the record does not disclose the amounts nor whether such amounts represented a substantial portion of the total needed for her support. She received medical treatment and care without cost under the English National Health Service. We cannot reach the conclusion urged upon us by petitioners that the plane fare for Mrs. Smith-Halvorsen's one-way trip to England is deductible as a medical expense. While she undoubtedly expected to receive medical care in England, the trip had a more far-reaching objective. Petitioners' dependent was permanently changing her residence, and by that very act terminated her status as dependent. For, not only did it become highly doubtful whether petitioners furnished more than half of her support after she became eligible for the "grant to the blind" (Section 152(a), Internal Revenue Code of 1954), but Section 152(b)(3) states explicitly *112 that "The term 'dependent' does not include any individual who is not a citizen of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama." Plainly, after Mrs. Smith-Halvorsen again became a permanent resident of England in April 1958 she ceased being a dependent within the meaning of the Code. And the cost of travel incurred to effectuate such permanent change of residence can hardly qualify as a medical expense of the taxpayers, regardless of the anticipated free medical benefits which the dependent might receive thereafter. The case is wholly unlike Stanley D. Winderman, 32 T.C. 1197, upon which petitioners rely. Decision will be entered for the respondent.